# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CINDY SILVAGNI,

          Plaintiff(s),

vs.

WAL MART STORES, INC.,

          Defendant(s).

Case No. 2:16-cv-00039-JCM-NJK

ORDER

(Docket No. 10)

Pending before the Court is Plaintiff's motion to allow a supplemental initial disclosure and to extend certain deadlines. Docket No. 10. Defendant filed a response in opposition. Docket No. 12. Plaintiff filed a reply. Docket No. 15.[1] The Court finds the motion properly decided without a hearing. *See* Local Rule 78-2. For the reasons discussed more fully below, the motion is hereby **GRANTED** in part and **DENIED** in part.

The crux of the instant dispute is Plaintiff's disclosure of future damages after the deadline for initial disclosures had passed on February 5, 2016. *See* Docket No. 9 at 1. In particular, Plaintiff served

---

[1] Plaintiff filed the reply brief late, believing that an automatically-generated CM/ECF deadline notice overrode the express order of the Court. *See* Docket No. 15 at 6. Plaintiff's counsel has now been disabused of that notion through discussion with the Clerk's Office. *See id.*; *see also Rockwell Automation, Inc. v. Beckhoff Automation LLC*, 2014 U.S. Dist. Lexis 10249, *4 (D. Nev. Jan. 28, 2014) (citing *Carrillo v. B&J Andrews Enters., LLC*, 2013 U.S. Dist. Lexis 22010, *2 (D. Nev. Feb. 19, 2013) and Local Rule 7-2(c)). The Court will consider the late reply in this instance, but cautions counsel that they must comply with court-ordered briefing schedules in the future.

a supplemental disclosure on April 4, 2016, informing Defendant that she may have significant future damages, including possibly the need for surgeries, and that Plaintiff was still receiving treatment. Docket No. 12-4. On April 15, 2016, Plaintiff provided a further supplement estimating future damages at $10,000,000 for a fusion surgery, life care plan, and future economic damages. Docket No. 12-6. The expert disclosure deadline is set for May 9, 2016, and the discovery cutoff is set for July 6, 2016. Docket No. 9 at 2-3.

The pending dispute focuses on whether that supplementation should be allowed. Defendant argues that it should not because it was untimely and would prejudice Defendant in that it would have conducted discovery differently had it known earlier of the future damages disclosure. Docket No. 12 at 13. Defendant contends that it is not proper for a treating plaintiff to wait until "late in discovery before disclosing claims for future medical treatment." *Id.* at 14. The Court disagrees with Defendant's assessment. Plaintiff informed Defendant of the existence of future damages less than two months after the scheduling order was entered in this case and roughly a month before the expert disclosure deadline. Absent a showing of bad faith or other extenuating circumstances, courts are generally reluctant to strike a supplemental disclosure for future damages provided relatively early on in the case when the defendant has an opportunity to conduct appropriate discovery before the expert deadline. *See Stedeford v. Wal-Mart Stores, Inc.*, 2015 WL 4602301, *3-5 (D. Nev. July 30, 2015). That approach is consistent with the recognition of the harshness of precluding damages claims and the need to discourage parties from filing sanctions motions rather than working cooperatively in the discovery process. *See Jones v. Wal-Mart Stores, Inc.*, 2016 WL 1248707, *7-8 (D. Nev. Mar. 28, 2016). Given the circumstances of this case, the Court declines Defendant's request to foreclose Plaintiff from pursuing the future damages she has identified. Accordingly, the Court **GRANTS** Plaintiff's motion for leave to supplement her initial disclosures.

//
//
//
//
//

The pending motion also seeks an extension of 90-days to the relevant deadlines, in an effort to ensure Defendant has sufficient time to conduct any needed discovery. The Court finds such an extension excessive. Indeed, the parties fail to meaningfully explain why the deadlines could not have been met through reasonable diligence given the timing of the disclosures as outlined above. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Nonetheless, assuming Defendant forewent discovery while the parties disputed the supplemental disclosures, as a courtesy to the parties the Court will extend the discovery deadlines by 45 days as follows:

- Expert disclosures: June 23, 2016;
- Interim status report: June 23, 2016;
- Rebuttal expert disclosures: July 22, 2016;
- Discovery cutoff: August 22, 2016;
- Dispositive motions: September 21, 2016;
- Joint proposed pretrial order: October 21, 2016, or 30 days after resolution of dispositive motions per Local Rule 26-1(e)(5).

Accordingly, that aspect of the pending motion is **GRANTED** in part and **DENIED** in part.

IT IS SO ORDERED.

DATED: April 27, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge