UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CINDY SILVAGNI, <br>         Plaintiff(s), <br> vs. <br> WAL-MART STORES, INC., <br>         Defendant(s). | Case No. 2:16-cv-00039-JCM-NJK <br><br> ORDER <br><br> (Docket No. 19) |

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the parties'] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citation and quotations omitted). "The use of orders establishing a firm discovery cutoff date is commonplace, and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006).

    Discovery closed in this case on August 22, 2016. *See* Docket No. 18 at 3. On September 2, 2016, the parties filed the instant stipulation to reopen discovery and extend the subsequent deadlines. Docket No. 19. All requests to modify the scheduling order must be supported by good cause and those filed after the expiration of the pertinent deadline must also be supported by a showing of excusable

neglect. *See, e.g.*, Local Rule 26-4. While the pending stipulation identifies the excusable neglect standard, it does not meaningfully explain why a stipulation extending the discovery cutoff could not have been filed prior to August 22, 2016. *See* Docket No. 19 at 2.[1] Moreover, it appears that the only affirmative discovery conducted to date is a Rule 35 examination, expert disclosures, and the deposition of Plaintiff. On the other hand, there appear to be at least ten depositions that have not been taken, *see id.*, despite discovery being open in this case since January 22, 2016, *see* Docket No. 9 at 1 (identifying date of Rule 26(f) conference); Fed. R. Civ. P. 26(d)(1). The only reasons for the failure to timely complete this extensive volume of discovery are assertions of scheduling conflicts and mention of Plaintiff's ongoing treatment. Docket No. 19 at 2. Such conclusory assertions do not establish good cause, which requires a showing of the parties' diligence, especially for the number of depositions that were not completed in a timely fashion. That is especially true given that it appears the parties have been well aware of the need for this discovery and purportedly discussing scheduling for more than four months. *See, e.g.*, Docket No. 10 at 4 ("Plaintiff has requested a meeting/conference to discuss the potential dates of Defendant corp. depositions and employee depositions").

Accordingly, the stipulation is **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: September 2, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] In several instances, the stipulation relies on "Local Rule 2.25." *See, e.g.*, Docket No. 19 at 2. No such rule exists in this District.