# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CINDY SILVAGNI, | Case No. 2:16-cv-00039-JCM-NJK |
| Plaintiff(s), | ORDER |
| vs. | (Docket No. 32) |
| WAL-MART STORES, INC., | |
| Defendant(s). | |

    Defendant's motion to exclude damages evidence presents a scenario all too familiar in this District. Plaintiff alleges that she was injured in an incident occurring on Defendant's premises. Plaintiff seeks damages based on her medical expenses, both past and future, and economic damages. Plaintiff provided a partial damages computation with her initial disclosures, and has since supplemented the initial disclosures several times to identify additional damages. Plaintiff contends that she diligently obtained the information necessary to compute her damages claims, and that she disclosed that information as soon as reasonably possible. Defendant contends that Plaintiff should have disclosed all of the pertinent information with her initial disclosure, and that resorting to serving supplemental disclosures of damages computations prevented Defendant from proceeding effectively with its case through discovery. As a result, Defendant contends that its ability to defend the case has been prejudiced, and that certain damages disclosures must be excluded under Rule 37(c)(1) of the Federal Rules of Civil Procedure.

While the above scenario is frequently presented to the magistrate judges in this District, the decisions resolving such motions are not entirely congruous. Indeed, this difference in interpreting the requirements for initial disclosure damages computations, and the appropriate penalties for not complying therewith, has already been memorialized elsewhere. *See Jones v. Wal-Mart Stores, Inc.*, Case No. 2:15-cv-1454-LDG-GWF, 2016 WL 1248707, at *5, 7 (D. Nev. Mar. 28, 2016) (listing cases cited by Wal-Mart and recognizing that some of them were not consistent with the decision being issued). Not surprisingly given this disparity, the parties present drastically different views of the pertinent legal landscape. As a result, the Court finds it appropriate to discuss at some length what the Rules require for initial disclosures and what inquiry guides the determination of an appropriate remedy for the failure to comply with those Rules.

**I.     BRIEF FACTUAL OVERVIEW**

Plaintiff alleges that she slipped on a gel-like substance in the bath aisle of one of Defendant Wal-Mart's stores. *See, e.g.*, Docket No. 31 at 2. Plaintiff filed suit in state court, alleging a cause of action for negligence. *Id.* Defendant removed the case to this Court on the basis of diversity jurisdiction. *See* Docket No. 1.

On February 11, 2016, the parties filed a joint proposed discovery plan, which the Court approved the same day. Docket Nos. 8-9. That discovery plan and subsequent scheduling order reflected a stipulation between the parties to exchange initial disclosures by February 5, 2016. Docket No. 9 at 1. The Court also set an expert disclosure deadline of May 9, 2016, a rebuttal expert disclosure deadline of June 6, 2016, and a discovery cutoff of July 6, 2016. Docket No. 9 at 2-3.

On April 19, 2016, Plaintiff moved to extend these deadlines. Docket No. 10. The Court granted that motion in part and extended the expert disclosure deadline to June 23, 2016, the rebuttal expert disclosure deadline to July 22, 2016, and the discovery cutoff to August 22, 2016. Docket No. 18 at 3. At the same time, Plaintiff sought an order for leave to supplement the damages computation provided with her initial disclosures. Docket No. 10 at 3. Noting the early stage of the litigation, the Court declined to foreclose Plaintiff from pursuing the supplemental damages claims she had identified. Docket No. 18 at 2.

On September 8, 2016, Plaintiff filed a motion to reopen the discovery period. Docket No. 21.[1] The Court granted that motion and the discovery cutoff was reset to October 6, 2016. Docket Nos. 26, 28.

Especially pertinent to this motion, Plaintiff served her initial disclosures, with a damages computation, on February 22, 2016. Docket No. 34-1. Through the date of Defendant's motion, Plaintiff supplemented her initial disclosures 19 times. *See, e.g.*, Docket No. 34-12 at 46 (Plaintiff's nineteenth supplemental initial disclosure). Plaintiff also served expert disclosures and eight supplements thereto. *See, e.g.*, Docket No. 34-17 at 10 (eighth supplement to designation of expert witnesses).

On December 14, 2016, Defendant filed the instant motion to exclude damages evidence. Docket No. 32. Plaintiff filed a response, and Defendant filed a reply. Docket Nos. 34, 35.

## II.  STANDARDS

### A.  Initial Disclosure Requirements

Rule 26(a)(1)(A) requires parties to provide initial disclosures to the opposing parties without awaiting a discovery request. The disclosures must include a computation of each category of damages claimed by the disclosing party. Fed. R. Civ. P. 26(a)(1)(A)(iii). The purposes of the initial disclosure requirements are important and clear. Parties should be put on notice of the factual and legal contentions of the opposing party, and the initial disclosure requirements eliminate surprise and trial by ambush. *See, e.g.*, *Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 862-63 (9th Cir. 2014). The initial disclosure requirements "accelerate the exchange of basic information about the case and eliminate the paper work involved in requesting such information." *R&R Sails, Inc. v. Insurance Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012) (quoting Fed. R. Civ. P. 26, advisory committee notes). "Moreover, early disclosure also functions to assist the parties in focusing and prioritizing their

---

[1] Plaintiff again asked the Court to bless supplemental disclosures. Docket No. 21 at 4-5. At this point, the Court reminded the parties that court approval is unnecessary to supplement initial disclosures and that Plaintiff should supplement as she felt appropriate, subject to Defendant's ability to file a motion to exclude that supplement or seek other relief from the Court. Docket No. 22. The Court otherwise declined to weigh in on the issue at that time, since it was not properly before the Court. *Id.*

organization of discovery." *City & County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003). The damages computation in particular further enables the defendant to understand the contours of its liability exposure and, by extension, to make informed decisions regarding settlement. *Frontline Med. Assocs., Inc. v. Coventry Health Care*, 263 F.R.D. 567, 569 (C.D. Cal. 2009).

The benefits of initial disclosures are significant and courts have a duty to enforce the initial disclosure requirements; however, courts must apply the Rules with an eye toward "common sense," keeping in mind the purposes that the Rules are intended to accomplish. *See, e.g.*, *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 592 (D. Nev. 2011). "Rule 26 does not elaborate on the level of specificity required in the initial damages disclosure." *Tutor-Saliba,* 218 F.R.D. at 220. The level of specificity for the damages computation varies depending on the stage of the litigation and the claims at issue. "A party must make its initial disclosures based on the information then reasonably available to it." Fed. R. Civ. P. 26(a)(1)(E). "A computation of damages may not need to be detailed early in the case before all relevant documents or evidence has been obtained by the plaintiff." *Cardoza v. Bloomin' Brands, Inc.*, Case No. 2:13-cv-1820-JAD-NJK, 2015 WL 3875916, at *2 (D. Nev. June 22, 2015) (quoting *LT Game Int'l Ltd. v. Shuffle Master, Inc.*, Case No. 2:12-cv-01216-GMN-GWF, 2013 WL 321659, at *6 (D. Nev. Jan. 28, 2013)). Just as courts eschew broad contention interrogatories at the outset of a case as premature, the initial damages computation is generally viewed as merely a preliminary assessment that is subject to revision. *Tutor-Saliba* 218 F.R.D. at 222. In short, a party's initial disclosure should provide "the best information then available to it concerning that claim, however limited and potentially changing it may be." MOORE'S FEDERAL PRACTICE, § 26.22[4][c][i] (3d ed. 2016).[2]

A precise damages computation may not be possible until the plaintiff obtains some discovery, undergoes additional treatment, and, in some cases, obtains expert analysis. *Tutor-Saliba* 218 F.R.D. at 222. Especially in the context of an injured plaintiff alleging on-going or future medical damages, her claim for damages may not be static. At the outset of litigation, she may lack sufficient information

---

[2] The touchstone of this analysis is whether information is "reasonably available" to the plaintiff. A plaintiff is not excused from making initial disclosures because she has not diligently investigated her case. Fed. R. Civ. P. 26(a)(1)(E).

to provide a precise measure of what damages she will claim at trial. While future expert analysis does not relieve a plaintiff of providing the information reasonably available to her regarding her damages computation, a precise method of calculation need not be disclosed initially to the extent it is properly the subject of expert testimony that will be provided through future expert reports. *Frontline Medical*, 263 F.R.D. at 569-70; *see also Tutor-Saliba*, 218 F.R.D. at 221 (citing *Pine Ridge Recycling, Inc. v. Butts County, Ga.*, 889 F. Supp. 1526, 1527 (M.D. Ga. 1995)).

A "preliminary assessment" may suffice at the outset of a case, but it will not suffice as the case progresses: "While a party may not have all of the information necessary to provide a computation of damages early in the case, it has a duty to diligently obtain the necessary information and prepare and provide its damages computation within the discovery period." *Jackson*, 278 F.R.D. at 593; *see also Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) (damages computation should be more detailed as the case progresses). In the event that a party learns that its disclosures are incomplete or inaccurate, it has a duty to supplement them "in a timely manner." *See* Fed. R. Civ. P. 26(e).[3]

Read together, the Rules do not require in every case that a complete and unchangeable damages computation be presented at the outset of the case. The initial disclosure must contain a damages computation with the information then reasonably available to the plaintiff. To the extent it becomes clear based on new circumstances that the damages computation is incorrect or incomplete, the plaintiff has a duty to supplement the initial damages computation. There is no bright line rule that such supplementation is improper if made after the expert disclosure deadline or even after the close of discovery. *See, e.g.*, *American Gen. Life Ins. Co. v. Vistana Condo. Owners Assoc.*, Case No. 2:12-cv-01324-JAD-NJK, 2016 WL 1611585, at *2 (D. Nev. Apr. 21, 2016). Instead, the key inquiry is whether the timing of the supplemental disclosure is reasonable based on when the information was available to the plaintiff. *See, e.g., id.* ("Timing is better gauged in relation to the availability of the supplemental information"). While a plaintiff undoubtedly has a duty to obtain sufficient information within a reasonable period of time as to what damages she will claim, the Rules provide for needed flexibility

---

[3] The rule requires a supplemental disclosure "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

in supplementing the initial disclosure damages computation as the case progresses and circumstances evolve.

B.     Sanctions for Failing to Comply with Disclosure Requirements

When a defendant believes the plaintiff failed to comply with the requirements for disclosing a damages computation, the defendant may move for sanctions under Rule 37(c). The party requesting sanctions bears the initial burden of establishing that the opposing party failed to comply with the disclosure requirements established in Rule 26. *E.g.*, *Lodge v. United Homes, LLC*, 787 F. Supp. 2d 247, 258 (E.D.N.Y. 2011). If the movant satisfies that burden, then the Court determines appropriate sanctions. Rule 37(c) "gives teeth" to the requirements of Rule 26(e). *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The text of Rule 37(c) itself provides that the failure to comply with the disclosure requirements of Rule 26(a) or Rule 26(e) will lead to the exclusion of such evidence. Fed. R. Civ. P. 37(c)(1). The 1993 advisory committee notes to Rule 37 describe the exclusion sanction as "self-executing" and "automatic." Nonetheless, the Ninth Circuit has recognized that lower courts are entrusted with "particularly wide latitude" in exercising this discretion to impose sanctions under Rule 37(c). *Yeti by Molly*, 259 F.3d at 1106; *see also Risinger v. SOC, LLC*, 306 F.R.D. 655, 662 (D. Nev. 2015).

In exercising that discretion, courts determine initially whether the failure to comply with the initial disclosure requirements was either substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). The party facing sanctions bears the burden of establishing that substantial justification or harmless exists. *See, e.g.*, *Yeti by Molly*, 259 F.3d at 1107. Several factors to guide the determination of whether substantial justification and harmlessness exist, including (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence. *See, e.g.*, *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999); *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). At bottom, this is an equitable analysis entrusted to the Court's discretion. *See, e.g., Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011) (exercising discretion to deny exclusion sanction as a matter of "fairness" and to avoid an "unjust"

result). If either exception is established, the imposition of exclusion sanctions is not proper. *See* Fed. R. Civ. P. 37(c)(1).

Exclusion sanctions are not a foregone conclusion if substantial justification or harmlessness have not been established, however. "Rule 37(c)(1) does not require the court, in all instances, to exclude evidence as a sanction for a late disclosure that is neither justified nor harmless." *Jackson*, 278 F.R.D. at 594; *see also Torres v. City of Los Angeles*, 548 F.3d 1197, 1213-14 (9th Cir. 2008) (holding that the burden of establishing substantial justification or harmlessness had not been met, but ordering on remand that expert witness could testify if a proper report were furnished). Instead, the text of Rule 37(c) provides that, "[i]n addition to or instead of" exclusion sanctions, the Court may impose other sanctions, including payment of reasonable expenses (including attorneys' fees), informing the jury of the party's failure, and any other appropriate sanction. Fed. R. Civ. P. 37(c)(1)(A)-(C). Courts have identified various factors to guide the decision of whether to impose exclusion sanctions, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See, e.g.*, *Jackson*, 278 F.R.D. at 594 (citing *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997)).[4] Additionally, when an exclusion sanction is tantamount to dismissal of a claim, the court must also consider whether the non-compliance involved willfulness, fault, or bad faith. *R&R Sails, Inc. v. Insurance Co. of Penn.*, 673 F.3d 1240, 1247 (9th Cir. 2012).[5] Although a finding of willfulness or bad faith is not otherwise required, willfulness or bad faith is a factor in deciding the appropriate level of sanction to impose. *Jackson*, 278 F.R.D. at 594 (collecting cases).

In practice, exclusion sanctions are generally limited to "extreme situations." *See Tutor-Saliba*, 218 F.R.D. at 220-21; *see also Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988)

---

[4] Some of these considerations will overlap with those addressed to whether substantial justification or harmlessness exists.

[5] The Ninth Circuit has recognized tension in its case law on this issue. *See, e.g.*, *Toyrrific, LLC v. Karapetian*, 606 Fed. Appx. 365, 366 n.1 (9th Cir. 2015) (discussing *R&R Sails*, 673 F.3d at 1247 and *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175 (9th Cir. 2008)).

1  (exclusion sanctions are harsh remedies that "should be imposed only in rare situations"). Absent a
2  showing of bad faith or other misconduct,[6] courts are leery of imposing the harsh sanction of exclusion
3  absent a significant possibility of prejudice due to the untimeliness of the disclosure. Hence, "[c]ourts
4  are more likely to exclude damages evidence when a party first discloses its computation of damages
5  shortly before trial or substantially after discovery has closed." *Jackson*, 278 F.R.D. at 594. "Lesser
6  sanctions and other measures are generally more appropriate than evidence preclusion when the
7  disclosure is provided during the discovery period and the delay can be remedied during the existing
8  discovery period or with a limited and brief extension of discovery." *Jones,* 2016 WL 1248707, at *7
9  (citing *Granados v. N. Nev. High Speed, LLC*, Case No. 3:14-cv-00081-LRH-VPC*,* 2014 WL 5503118,
10 at *5 (D. Nev. Oct. 30, 2014)); *see also Wilson v. Wal-Mart Stores, Inc.*, Case No. 2:15-cv-01791-RCJ-
11 VCF, 2016 WL 4699693, at *3 (D. Nev. Sept. 7, 2016) (concluding that, even assuming a violation, the
12 spirit of Rule 1 required extending discovery rather than excluding the vast majority of the plaintiff's
13 claimed damages). "[E]ven in cases involving very belated disclosures of damages computations, the
14 court should consider the degree of willfulness or bad faith by the plaintiff in failing to make the
15 disclosure, the availability of lesser sanctions and other orders to prevent prejudice to the other party
16 caused by the late disclosures." *Jones,* 2016 WL 1248707, at *7.

17     There is good reason for courts to impose exclusion sanctions sparingly. Courts universally
18 recognize the strong preference for deciding cases on the merits whenever reasonably possible. *E.g.*,
19 *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). To that end, the discovery process should be
20 marked by the practical cooperation of counsel to move the case beyond the discovery phase to summary
21 judgment motions and trial so that the matter can be adjudicated on its merits. *See, e.g.*, *Cardoza v.*
22 *Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015). The parties themselves have a duty
23 to work cooperatively toward the just, speedy, and inexpensive resolution of the litigation. *See* Fed. R.

---

[6] To be clear, "litigants should not indulge in gamesmanship with respect to the disclosure obligations." *E.g.*, *Jackson*, 278 F.R.D. at 592 (quoting Fed. R. Civ. P. 26, advisory committee notes). Courts do not hesitate to impose exclusion sanctions when there has been misconduct. *See, e.g.*, *Shakespear v. Wal-Mart Stores, Inc.*, Case No. 2:12-cv-01064-MMD-PAL, 2013 WL 3491172, at *7-8 (D. Nev. July 10, 2013) (excluding damages when the plaintiff had purposely "sandbagged" the defendant by providing disclosures that were "at best, materially misleading, and at worst, patently false").

Civ. P. 1; *see also Roberts v. Clark County School Dist.*, 312 F.R.D. 594, 603-04 (D. Nev. 2016) (discussing the 2015 amendments to the Federal Rules of Civil Procedure). It must be emphasized that the initial disclosure requirements are meant to provide necessary information to create a balanced playing field, and sanctions serve as a deterrent to parties seeking to avoid those obligations. These Rules should not be viewed as procedural weapons through which parties seek to gain a tactical litigation advantage. The focus of defense counsel should be "work[ing] out agreements that will reasonably permit them to respond to newly disclosed evidence and defend the claims on the merits," rather than automatically resorting to motions for exclusion sanctions. *Jones*, 2016 WL 1248707, at *7; *see also* Docket No. 18 at 2 (highlighting this sentiment in this case to guide the conduct of counsel moving forward).[7] An overly strict application of Rule 37(c)'s exclusion provision would incentivize defendants to shirk these duties and to instead focus their efforts on laying the groundwork for a later motion to exclude.

### III.  ANALYSIS

Turning to the instant motion, the Court finds the matter insufficiently developed to enable a proper determination on the merits. Most significantly, the briefing is not structured to address the pertinent inquiry as outlined above, which requires nuanced analysis. Defendant's arguments sweep broadly, resting largely on a premise that damages disclosures at or near the expert disclosure deadline are untimely and, therefore, must be excluded as prejudicial to Defendant's ability to defend this case. *See* Docket No. 32 at 20-24. Such broad positions are inconsistent with the legal analysis established herein as to whether a violation of the disclosure requirements has occurred and, if so, whether exclusion is the appropriate remedy.

---

[7] As a corollary, courts are generally unimpressed by tenuous assertions of prejudice when any harm could have been minimized through the movant's prompt action in either obtaining a stipulation with opposing counsel or moving the Court for relief. *See, e.g.*, *Roe v. Nevada*, 621 F. Supp. 2d 1039, 1060 (D. Nev. 2007).

Perhaps because of the broad sweep taken by Defendant, the factual presentation in the briefing is disorganized. Defendant challenges numerous damages computations,[8] but fails to provide a readily ascertainable factual recitation with respect to each disputed disclosure. Moreover, several factual representations are erroneous.[9] The Court declines to undertake the task of sifting through the briefing and record (more than 700 pages in length) to obtain the facts necessary to decide the motion on the merits. As the movant, the burden of that undertaking rests with Defendant.

In short, the Court has now explained the standards and considerations that will be applied in this case. The parties may find it advantageous to re-evaluate their positions given that guidance, and may wish to confer with one another in an attempt to eliminate or narrow the dispute.[10] If the dispute is not resolved amicably without further court intervention, Defendant may renew its request to exclude damages disclosures guided by the standards and considerations outlined above. To ensure a workable presentation of the factual and legal considerations, Defendant must file a separate motion for each damages disclosure it seeks to exclude and each such motion shall be briefed separately (*i.e.*, the briefing

---

[8] The exact universe of challenged disclosures is not clear. The motion specifically identifies four damages for which Defendant seeks exclusion. Docket No. 32 at 25 (identifying damages for cervical fusion surgery, lost earning capacity, future lumbar surgery, and general "future damages" disclosures). Elsewhere, the motion challenges other disclosures. *See, e.g.*, Docket No. 32 at 6 (asserting that disclosures for future hip surgery were untimely). The motion also includes a catchall request to exclude "all claims and evidence of past medical expenses disclosed after Plaintiff's third 'supplement' to her Rule 26(a) disclosures," without specific identification of the particular disclosures at issue. *Id.* at 25.

[9] For example, Defendant represents that the damages computation for a future lumbar surgery in the amount of $213,000 was first disclosed on June 29, 2016, after the expert disclosure deadline. Docket No. 32 at 5. The record includes a supplemental disclosure served on June 14, 2016 (*i.e.*, nine days before the expert disclosure deadline) including a claim for $213,000 for a lumbar surgery. *See* Docket No. 34-9 at 33, 35. As another example, Defendant represents that it deposed Plaintiff on April 18, 2016, "without *any prior notice* that Plaintiff would make a claim for loss of earning capacity." Docket No. 32 at 24 (emphasis added). The record–and Defendant's own briefing–show that such notice was provided before April 18, 2016. *See, e.g., id.* at 14 (acknowledging supplemental disclosure served on April 4, 2016, which included a damages claim for "loss of earning capacity"); Docket No. 32-5 at 9 (further supplemental disclosure served on April 15, 2016, which included a claim for "**loss of earning capacity**" (emphasis in original)).

[10] Such a pre-filing conference is not required, *see, e.g., Hoffman*, 541 F.3d at 1179, but the parties may find it in their own best interest to conduct one.

may not incorporate arguments or representations made elsewhere and must be complete in itself). Each motion and subsequent briefing shall be limited to the facts pertinent to that particular damages disclosure, and shall omit discussion of other disclosures except to the extent they are pertinent to the specific issue at hand. Counsel must present sufficient factual detail (supported by citations to the record) in an organized fashion from which the Court can discern when the underlying information was reasonably available to Plaintiff, when general notice was given that Plaintiff would seek a particular category of damages, and when specific notice of the damages computation was disclosed, as well as any other facts pertinent to the considerations as outlined above for each specific dispute. In addition, the motion must meaningfully explain, specific to each challenged disclosure, why the harsh sanction of exclusion is the appropriate remedy. Any such motion(s) must be filed within 30 days of the issuance of this order. Counsel for both parties are urged to carefully review their filings for accuracy.

**IV.  CONCLUSION**

For the reasons discussed more fully above, the pending motion to exclude is **DENIED** without prejudice. Any renewed motion(s) must be filed in accordance with the instructions outlined above.

IT IS SO ORDERED.

DATED: March 28, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge