UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CINDY SILVAGNI, | Case No. 2:16-CV-39 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| WAL-MART STORES, INC., | |
| Defendant(s). | |

Presently before the court is defendant Wal-Mart Stores, Inc.'s ("defendant" or "Wal-Mart") motion for summary judgment. (ECF No. 30). Plaintiff Cindy Silvagni ("plaintiff" or "Silvagni") filed a response (ECF No. 31), to which Wal-Mart replied (ECF No. 33).

**I.    Facts**

The instant action arises from a slip and fall incident that occurred on January 15, 2015 at defendant's store in Las Vegas, Nevada. (ECF No. 1-1). Silvagni alleges that she slipped on a gel-like substance in the health and beauty aisle and sustained injuries. (ECF No. 1-1). Silvagni alleges that she was injured as a result of the fall and had to undergo cervical fusion surgery. (ECF No. 31 at 2).

Silvagni filed the original complaint in state court on August 3, 2015, wherein she alleged on cause of action: negligence/premises liability/failure to warn. (ECF No. 1-1). Wal-Mart removed the action to federal court on January 8, 2016. (ECF No. 1).

In the instant motion, Wal-Mart moves for summary judgment in its favor. (ECF No. 30).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith*

1  *Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.    Discussion**

Plaintiff Silvagni alleges that Wal-Mart had actual or constructive notice that a dangerous condition existed on its premises, that defendant had control and authority over such premises, and that defendant failed to warn plaintiff of the danger and failed to remove the dangerous condition. (ECF No. 1-1 at 4).

In the instant motion, Wal-Mart argues that summary judgment is proper because no evidence exists to support a finding of actual or constructive notice of the alleged hazardous condition. (ECF No. 30 at 7). In particular, defendant argues that no evidence exists to support a finding that any agent or employee of Walmart knew or should have known of the spill prior to the plaintiff's alleged incident. (ECF No. 30 at 8). Further, Wal-Mart argues that no evidence exists to support a finding that it created the spill or knew about it prior to plaintiff's incident. (ECF No. 30 at 2).

**James C. Mahan**
**U.S. District Judge**

"To prevail on a traditional negligence theory, a plaintiff must demonstrate that '(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, (3) the breach was the legal cause of the plaintiff's injuries, and (4) the plaintiff suffered damages.'" *Foster v. Costco Wholesale Corp.*, 291 P.3d 150, 153 (Nev. 2012) (quoting *DeBoer v. Sr. Bridges of Sparks Fam. Hosp.*, 282 P.3d 727, 732 (Nev. 2012)).

"Whether a defendant owes a plaintiff a duty of care is a question of law." *Harrington v. Syufy Enters.*, 113 Nev. 246 (Nev. 1997); *see also Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009). The issues of proximate cause and reasonableness usually present questions of fact for the jury. *Id*. Defendant may prevail on a motion for summary judgment by negating at least one of the elements of negligence. *See, e.g.*, *Perez v. Las Vegas Medical Center*, 805 P.2d 589, 591 (Nev. 1991).

Here, Wal-Mart owed plaintiff a duty of care because Silvagni was a customer in defendant's store. "[A] business owes its patrons a duty to keep the premises in a reasonably safe condition for use." *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (Nev. 1993). However, a business will be liable in a slip-and-fall due to a foreign substance only if the foreign substance was on the floor because of actions of the business owner or one of its agents, or if the business had "actual or constructive notice of the condition and failed to remedy it." *Id*. at 322–23; *see also Linnell v. Carrabba's Italian Grill, LLC*, 833 F. Supp. 2d 1235, 1237 (D. Nev. 2011).

As to breach of duty, Silvagni does not allege that defendant created the spill. (*See* ECF No. 1-1). Rather, Silvagni asserts that defendant had actual or constructive notice of the spill. In particular, plaintiff asserts that surveillance video exists showing defendant's employee in the area of the fall prior to the incident carrying paper towels. (ECF No. 31 at 9). Silvagni further asserts that the surveillance video does not show the area of the fall, but photographs exist showing a trashcan was placed upside down over the gel/soap substance. (ECF No. 31 at 8).

In reply, Wal-Mart argues that evidence indicates that an unidentified female customer placed the trashcan over the spill approximately twelve minutes before the incident and that twelve minutes is insufficient to establish constructive notice. (ECF No. 33 at 2).

**James C. Mahan**
**U.S. District Judge**

- 4 -

Silvagni has failed to set forth any evidence suggesting that defendant knew that substances like this were frequently on its floors, or that the spill was present for any substantial period of time. *See, e.g.*, *Morton v. Wal-Mart Stores, Inc.*, No. 2:12-CV-00155-MMD, 2013 WL 557309, at *4 (D. Nev. Feb. 12, 2013), *aff'd*, 620 Fed. App'x 583 (9th Cir. 2015); *Sprague*, 849 P.2d at 323. However, plaintiff has raised a genuine dispute as to whether defendant's employee placed the trashcan over the spill prior to the incident so as to put Wal-Mart on actual notice.

Specifically, in her response, plaintiff attached defendant's responses to interrogatories, wherein defendant states that "a Walmart associate, Deborah Hisel, placed a garbage can over a spill of unknown origin in the Health and Beauty Department . . . to provide warning of the spill before the spill was cleared. (ECF No. 31 at 5, 17). Viewing the evidence in a light most favorable to plaintiff, a reasonable jury find that defendant's employee placed the trashcan over the spill prior to the incident and could conclude that Wal-Mart therefore was on notice of the spill.

Wal-Mart argues that the discovery response was later amended and raises various evidentiary arguments regarding best evidence and admissibility. (ECF No. 33 at 2–3). Rule 56(c)(2) provides that "[a] party may object that the materials cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Wal-Mart, however, does not argue that plaintiff cannot establish the information contained in an inadmissible form, but rather it argues that the form itself is inadmissible. (ECF No. 33 at 4–5).

The nonmoving party, here Silvagni, is not required to produce evidence in a form that would be admissible at trial in order to avoid summary judgment. *See Celotex Corp.*, 477 U.S. at 324; Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including . . . interrogatory answers."). The Ninth Circuit has held that information contained in an inadmissible form may still be considered for summary judgment if the information itself would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.")); *see also, e.g.*, *JL Beverage Co., LLC*

**James C. Mahan**
**U.S. District Judge**

*v. Jim Beam Brands Co.*, 828 F.3d 1098, 1110 (9th Cir. 2016) ("[A]t summary judgment a district court may consider hearsay evidence submitted in an inadmissible form, so long as the underlying evidence could be provided in an admissible form at trial, such as by live testimony.").

Based on the foregoing, the court finds that genuine issues exist as to whether Wal-Mart had actual or constructive notice of the spill. Accordingly, the court will deny Wal-Mart's motion for summary judgment.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for summary judgment (ECF No. 30) be, and the same hereby is, DENIED.

DATED April 6, 2017.

                                                    */s/ James C. Mahan*
                                        UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**