1
2
3
4
5
6
7                    **UNITED STATES DISTRICT COURT**
8                         **DISTRICT OF NEVADA**
9
10   CINDY SILVAGNI,                        )
                                            )   Case No. 2:16-cv-00039-JCM-NJK
11              Plaintiff(s),               )
                                            )   ORDER
12   vs.                                    )
                                            )   (Docket No. 57)
     WAL-MART STORES, INC.,                 )
13                                          )
                Defendant(s).               )
14   _____)

15          Pending before the Court is Defendant's motion to exclude Plaintiff's expert (Dr. Babuk

16   Ghuman) with respect to his supplemental report on Plaintiff's future need for injection therapy, or

17   alternatively to allow Defendant to depose Dr. Ghuman and disclose a rebuttal expert opinion.  Docket

18   No. 57.  Plaintiff filed a response in opposition, and Defendant filed a reply.  Docket Nos. 58, 59.  The

19   Court finds the motion properly decided without a hearing.  *See* Local Rule 78-1.  For the reasons

20   discussed below, the Court **DENIES** the motion to exclude Dr. Ghuman, but **GRANTS** the alternative

21   motion to depose Dr. Ghuman and disclose a rebuttal expert.

22   **I.     BACKGROUND**

23          Plaintiff alleges that she slipped on a gel-like substance in the bath aisle of one of Defendant

24   Wal-Mart's stores.  *See, e.g.*, Docket No. 31 at 2. Plaintiff filed suit in state court, alleging a cause of

25   action for negligence.  *Id.*   Defendant removed the case to this Court on the basis of diversity

26   jurisdiction.  *See* Docket No. 1.  The expert disclosure deadline in this case expired on June 23, 2016.

27   *See* Docket No. 18 at 3.  Discovery closed on October 6, 2016.  Docket No. 28.  No trial date has been

28   set.

On May 24, 2016, Plaintiff disclosed the expert opinion of Dr. Ghuman opining that Plaintiff would likely require cervical injection therapy in the future addressing the C5-6 and C6-7 segments, and estimating the cost for that therapy. Docket No. 57-3. On June 10, 2016, Plaintiff became aware of a recommendation that she undergo cervical surgery. *See* Docket No. 57-4. On June 14, 2016, Plaintiff served Defendant with a disclosure of that surgery recommendation. *Id.* On July 26, 2016, Plaintiff underwent cervical fusion surgery with respect to the C5-6 and C6-7 levels. *See* Docket No. 57-1 at ¶ 10. On September 30, 2016, Plaintiff disclosed records related thereto. *Id.* On October 6, 2016, Plaintiff disclosed a supplemental report of Dr. Ghuman opining that the cervical fusion rendered the likely need for future injection therapy treatments for the C5-6 and C6-7 levels to be "minimal in nature." Docket No. 57-6 at 10. Dr. Ghuman nonetheless opined that, having undergone C5 to C7 fusion, Plaintiff could be expected to experience pain that requires injections and other therapy at the C4-5 level. *Id.* Dr. Ghuman provided an estimation of costs for that anticipated future therapy. *Id.*

On July 31, 2017, Defendant filed a motion to exclude Dr. Ghuman's supplemental report. Docket No. 57.

## II.    STANDARDS AND ANALYSIS

A party must disclose the identity of any expert witness it intends to use at trial. Fed. R. Civ. P. 26(a)(2)(A). The party must also provide a written report of the expert. Fed. R. Civ. P. 26(a)(2)(B). Parties must disclose their experts at the times and in the sequence that the Court orders. Fed. R. Civ. P. 26(a)(2)(D). Parties also have a duty to supplement their disclosures. *See* Fed. R. Civ. P. 26(e).

With regard to expert reports, "the party's duty to supplement extends to both information included in the report and to information given during the expert's deposition." Fed. R. Civ. P. 26(e)(2). "However, an expert's duty to supplement under Rule 26(e) is not a right to supplement at will." *Colony Ins. Co. v. Colorado Casualty Ins. Co.*, 2:12-cv-01727-APG-NJK, 2014 WL 12646048, at *2 (D. Nev. May 28, 2014).

> A party may not use a supplemental report to disclose information that should have been disclosed in the initial expert report, thereby circumventing the requirement for a timely and complete expert witness report. Rather, supplementation under the Rule means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure.

*Id.*.

"The time for supplementation is not limited to the discovery period." *Burger v. Excel Contractors, Inc.*, Case No. 2:12-cv-01634-APG-CWH, 2013 WL 5781724, *3 (D. Nev. Oct. 25, 2013). Rule 26(e)(2) requires supplementation of expert reports to occur "by the time the party's pretrial disclosures under Rule 26(a)(3) are due," which is 30 days before trial unless otherwise ordered by the Court. *See Abila v. United States*, Case No. 2:09-cv-01345-KJD-LRL, 2011 U.S. Dist. Lexis. 42944, *4 (D. Nev. Apr. 14, 2011). "Generally speaking, supplementation of an expert report is proper where it is based on new information obtained after the expert disclosure deadline and the supplemental report was served before the time for pretrial disclosures." *Colony Insurance*, 2014 WL 12646048, at *2 (collecting cases). Nonetheless, "[s]upplementation must be provided 'at appropriate intervals' upon learning new information. To that end, the Court is mindful of the 'gaping loophole' which can result when parties abuse the liberal policy of Rule 26(e) with respect to the timing of supplemental reports." *Id.* at *2 n.4 (internal citations omitted). Courts may therefore exclude an expert report provided before the time for pretrial disclosures when the disclosing party engaged in sandbagging or other improper conduct. *See id.*

In this case, the Court finds disclosure of Dr. Ghuman's supplemental report was timely. The supplemental report is based on a change of factual circumstances occurring with Plaintiff's surgery on July 26, 2016. *See* Docket No. 57-6 at 10.[1] The supplemental report was served prior to the deadline for the Rule 26(a)(3) pretrial disclosures and, indeed, was served within the discovery period. *Compare id. with* Docket No. 28. Morever, the Court does not find bad faith sandbagging or other circumstances evidencing misconduct. To the contrary, the timeline of events lends itself to a finding of a good faith effort to keep Defendant abreast of Plaintiff's continuing treatment and a reasonably prompt production of a supplemental report. Courts have found in similar circumstances that striking a supplemental expert report was not appropriate. *See Colony Insurance*, 2014 WL 12646048, at *2 (holding that supplemental

---

[1] As a threshold matter, the Court is unpersuaded by Defendant's contention that Dr. Ghuman's supplemental expert report was not a proper "supplement" because he should have opined initially on the possibility that Plaintiff would undergo surgery. *See* Docket No. 57 at 7-8. Plaintiff underwent surgery after Dr. Ghuman's initial expert report, which altered the factual landscape, and it was proper for him to supplement his opinion to reflect the changed circumstances.

3

report provided three days prior to discovery cutoff was timely when based on new information learned one and three months earlier (citing *Dowling v. Arpaio*, 2011 WL 5592909, *1-2 (D. Ariz. Nov. 17, 2011) and *United States v. 14.3 Acres of Land*, 2008 WL 4079272, *6, 9 (S.D. Cal. Aug. 29, 2008)). The Court similarly finds here that the disclosure of Dr. Ghuman's supplemental report was timely.[2]

In fairness to Defendant, however, the Court will allow it an opportunity to depose Dr. Ghuman and respond with its own rebuttal expert report. *See, e.g.*, *Colony Insurance*, 2014 WL 12646048, at *2.[3] That expert report shall be served within 30 days of this order and must be limited to new opinions provided in Dr. Ghuman's supplemental report. The parties shall meet-and-confer on a date to depose Dr. Ghuman.[4]

**III.  CONCLUSION**

For the reasons discussed above, the Court **DENIES** the motion to exclude Dr. Ghuman, but **GRANTS** the alternative motion to depose Dr. Ghuman and disclose a rebuttal expert.

IT IS SO ORDERED.

DATED:   October 30, 2017

_____

NANCY J. KOPPE
United States Magistrate Judge

---

[2] Defendant's reply consists in significant part of attempts to undermine Dr. Ghuman's conclusion. *See, e.g.*, Docket No. 59 at 5-6. Not only is such argument improperly included for the first time in reply, *see, e.g.*, *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996), but Defendant has not sufficiently explained why its critique impacts the outcome of the pending motion rather than providing a potential basis for impeachment or to otherwise challenge the substance of Dr. Ghuman's opinion during future proceedings.

[3] Defendant seeks broader relief for the first time in reply, including a second independent medical examination of Plaintiff, another deposition of Plaintiff, and disclosure of a new affirmative expert. *See* Docket No. 59 at 3. These requests for relief are denied as waived. *See, e.g.*, *Bazuaye*, 79 F.3d 120.

[4] The Court would have, of course, preferred that such additional discovery occur close to the discovery cutoff of October 6, 2016, but Defendant filed its motion ten months after the disputed supplemental expert disclosure.