UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CINDY SILVAGNI,

        Plaintiff(s),

vs.

WAL-MART STORES, INC.,

        Defendant(s).

Case No. 2:16-cv-00039-JCM-NJK

ORDER

(Docket No. 42)

Pending before the Court is Defendant's motion to exclude Plaintiff's damages for a future lumbar spine surgery pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure. Docket No. 42. Plaintiff filed a response in opposition, and Defendant filed a reply. Docket Nos. 48, 52. The Court finds the motion properly resolved without a hearing, *see* Local Rule 78-1, and **VACATES** the hearing set for November 6, 2017. For the reasons discussed more fully below, the motion to exclude is **GRANTED**.[1]

I.     **PLAINTIFF'S NON-COMPLIANCE WITH HER RULE 26 OBLIGATIONS**

A plaintiff is required to provide a damages computation with her initial disclosures. Fed. R. Civ. P. 26(a)(1)(A)(iii). A plaintiff is also required to supplement her disclosures in a timely manner if she learns that the response is incomplete or incorrect. Fed. R. Civ. P. 26(e)(1)(A). The level of

---

[1] The Court has elsewhere provided extensive discussion of the facts of this case and of the applicable legal standards. *See, e.g.*, *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237 (D. Nev. 2017). As the parties are familiar therewith, the Court will not repeat that discussion here.

specificity required for a plaintiff's damages computation depends on the stage of the litigation and the claims at issue. "A party must make its initial disclosures based on the information then reasonably available to it." Fed. R. Civ. P. 26(a)(1)(E). "A computation of damages may not need to be detailed early in the case before all relevant documents or evidence has been obtained by the plaintiff." *Silvagni*, 320 F.R.D. at 240. "While a party may not have all of the information necessary to provide a computation of damages early in the case, it has a duty to diligently obtain the necessary information and prepare and provide its damages computation within the discovery period." *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 593 (D. Nev. 2011). As the word "computation" contemplates, a proper damages disclosure must provide "some analysis beyond merely setting forth a lump sum amount for a claimed element of damages." *Allstate Ins. Co. v. Nassiri*, Case No. 2:08-cv-00369-JCM-GWF, 2011 WL 2977127, at *4 (D. Nev. July 21, 2011) (citing *City & County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003)). The party seeking exclusion sanctions bears the burden of showing that the opposing party failed to comply with the disclosure requirements established in Rule 26. *Silvagni*, 320 F.R.D. at 241-42 (citing *Lodge v. United Home, LLC*, 787 F. Supp. 2d 247, 258 (E.D.N.Y. 2011)).

In this case, Plaintiff has disclosed a claim for future lumbar surgery in the amount of $213,000. *See, e.g.*, Docket No. 42-7 at 10. Discovery closed on October 6, 2016. Docket No. 28. As of the filing of Defendant's motion months later, however, Plaintiff never disclosed how she arrived at that figure and is merely relying on that lump sum as her disclosure.[2] That lump sum is not a computation, as required by Rule 26. As a result, Defendant has shown that Plaintiff failed to comply with her disclosure obligations with respect to her damages claim for future lumbar surgery.

---

[2] A proper computation explaining the basis for the damages sought is especially important in this case, as Plaintiff's figure appears to be based on a computation of damages *for a different surgery*. In particular, Plaintiff disclosed a computation of damages by Dr. Jaswinder Grover that totaled $213,000 for "future surgical care as recommended in the *cervical* spine." Docket No. 42-7 at 16 (emphasis added). That same report later notes "possible consideration of surgical remedies" with respect to Plaintiff's lumbar spine, but provides no computation of damages for a lumbar surgery. *Id.* While Defendant does not appear to contest that the disclosure for the cervical spine surgery was sufficient as a damages disclosure for that surgery, *see* Docket No. 52 at 3, it is confusing and left unclear how Plaintiff apparently arrived at the same damages figure for a different surgery.

2

## II. SUBSTANTIAL JUSTIFICATION OR HARMLESSNESS

When a plaintiff fails to comply with the requirements for disclosing a damages computation, sanctions may be imposed. Fed. R. Civ. P. 37(c). Courts have "particularly wide latitude" in exercising their discretion to impose sanctions. *See, e.g.*, *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). In exercising that discretion, courts determine initially whether the failure to comply with the disclosure requirements was either substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). The party facing sanctions bears the burden of establishing substantial justification or harmlessness. *See, e.g.*, *Yeti by Molly*, 259 F.3d at 1107. Several factors guide the determination of substantial justification and harmlessness, including: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence. *See, e.g.*, *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999); *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). If either exception is established, the imposition of exclusion sanctions is not proper. *See* Fed. R. Civ. P. 37(c)(1).

Plaintiff has not established either exception here. To the contrary, Plaintiff chose to forego meaningful discussion of these exceptions and to instead argue that they are moot given her contention that Defendant failed to show a violation of Rule 26. *See* Docket No. 48 at 11-12. At any rate, it is clear that the failure was neither substantially justified nor harmless because, *inter alia*, a Rule-compliant computation has still not been provided long after the close of discovery and Defendant has been prejudiced thereby in its ability to prepare its challenge to this particular damages claim.

## III. PROPER RELIEF

"Exclusion sanctions are not a foregone conclusion if substantial justification or harmlessness have not been established." *Silvagni*, 320 F.R.D. at 242; *see also Jackson*, 278 F.R.D. at 594. The text of Rule 37(c) provides that, "[i]n addition to or instead of" exclusion sanctions, courts may impose other sanctions, such as payment of reasonable expenses (including attorneys' fees), informing the jury of the party's failure, and any other appropriate sanction. Fed. R. Civ. P. 37(c)(1)(A)-(C). Several factors guide the determination of whether to impose exclusion sanctions, including: (1) the public's interest

in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See, e.g.*, *Jackson*, 278 F.R.D. at 594 (citing *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997)).[3] "Courts are more likely to exclude damages evidence when a party first discloses its computation of damages shortly before trial or substantially after discovery has closed." *Jackson*, 278 F.R.D. at 594.

The Court finds exclusion of the damages claim for $213,000 for future lumbar surgery to be appropriate here.[4] Discovery closed in October 2016, Docket No. 28, and Defendant's motion for summary judgment has been resolved, Docket No. 40. Other than very limited discovery ordered elsewhere, Docket No. 61, this case is ready to be set for trial.[5] Nonetheless, Plaintiff has still to this day not disclosed a damages computation with respect to this claim, which is prejudicial to Defendant and risks further delay of this case. Considering the applicable factors, the Court concludes that exclusion is the most appropriate remedy.

## IV. CONCLUSION

For the reasons discussed above, the motion to exclude damages for future lumbar surgery is hereby **GRANTED**.

IT IS SO ORDERED.

DATED: November 2, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[3] Some of these factors overlap with those addressed to substantial justification and harmlessness.

[4] Although the amount of this damages claim is not insignificant, it pales in comparison to Plaintiff's overall damages sought in this case for several millions of dollars, as Defendant notes. *See, e.g.*, Docket No. 42 at 12 (noting, *inter alia*, more than $5,000,000 damages claim for future medical treatment separate from the lumbar surgery).

[5] Concurrently herewith, the Court is ordering the parties to file a joint proposed pretrial order.